# Richmond

## Jesse L. Maughs v. City of Charlottesville.

January 18, 1943.

Record No. 2645.

Case No. 2. Reckless Driving.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*E. O. McCue* and *Paxson, Williams & Fife,* for the plaintiff in error.

*L. W. Wood,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

Plaintiff in error, Jesse Maughs, was tried upon a warrant issued by a justice of the peace of the city of Charlottesville. The warrant alleged that Maughs "in the said city did unlawfully operate an automobile in a careless and reckless manner, in violation of an ordinance of said city."

Upon his trial, had before a civil and police justice, Maughs was found guilty, as charged in the warrant, and his punishment fixed at a fine of ten dollars.

Upon an appeal to the corporation court, a jury was waived by accused and the case was submitted to the trial court for decision. At the conclusion of the evidence, the court found the accused guilty of reckless driving and fixed his punishment at a fine of $100 and costs.

The ordinance of the city relative to reckless driving within the corporate limits of the city provides:

"Any person who drives a vehicle upon a highway recklessly, or at a speed or in a manner so as to endanger life, limb or property of any person shall be guilty of reckless driving."

In the case of *Maughs* v. *Charlottesville* (Case No. 1— Larceny) this day decided, the facts upon which the charge of reckless driving is based are fully set forth and will not be restated, except to quote the evidence of the witness T. H. Adams, relative to the charge of reckless driving.

When asked the question, "What about this reckless driving?" Adams answered:

"I do not think the speed was so great, but he did not turn his lights on. He went into Ridge Street and knew I was after him. I hollered and shot three times. It is a

bad intersection and he never checked his speed. He did not have his lights on."

It is thus seen that there is no evidence of excessive speed. The only evidence relative to the charge of reckless driving is the evidence that, in an effort to escape arrest, accused failed to have lights on his automobile at a time when lights are required, to-wit, at approximately 8:30 or 9 p. m.

It is the contention of accused that the verdict is contrary to the evidence and that the punishment is excessive.

The question of whether or not accused was guilty of reckless driving, because of his failure to have lights on his car while driving over the city streets at a time of night when lights were required, was one of fact. While the evidence is meager, we cannot say the evidence is not sufficient to sustain the verdict.

As to the contention that the punishment is excessive, the answer is that the fine imposed is within the limits pre-scribed in the ordinance of the city. This being true, though we concede that it is a far cry from the fine of ten dollars imposed by the police justice to the fine of $100 imposed by the trial court, this court is not warranted in setting aside the verdict on the ground that it is excessive.

The judgment of the court will be affirmed.

*Affirmed.*